**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| v. : | Case No. 24-CR-412 (RBW) |
| : | |
| WILLIAM KNIGHT, : | |
| : | |
| Defendant. : | |
| : | |

**GOVERNMENT'S MOTION TO DETAIN DEFENDANT PENDING TRIAL AND REVOKE RELEASE ORDER**

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, moves to detain defendant William Knight pending trial pursuant to 18 U.S.C. § 3142(f)(1)(A), because the grand jury indicted him on a crime of violence after he was initially charged by complaint with no crimes of violence, and to revoke the defendant's pre-trial release order pursuant to 18 U.S.C. § 3148(b), because he has violated his release conditions, and files this memorandum in support thereof.

I.  **FACTUAL BACKGROUND**

    A.  **Knight's Conduct on January 6, 2021**

Knight was among the first rioters to breach the restricted perimeter and arrive at the West Plaza on January 6, 2021, at approximately 12:57 p.m. Upon arrival at the West Plaza, Knight gesticulated at the U.S. Capitol Police (USCP) officers behind the barrier.



*Image 1: Knight gesticulating at USCP officers on the West Plaza.*

At approximately 1:06 p.m., as another rioter was fighting with an officer for control of the officer's police shield, Knight advanced toward the police line and yelled at the officer.



*Image 2: As the rioter in the orange shirt (orange) fought with a police officer for control of the officer's shield, Knight (yellow) advanced toward the police line and yelled at the police.*

At approximately 1:13 p.m., Knight repeatedly yelled, "Hold the line!" as Metropolitan Police Department (MPD) officers arrived to reinforce USCP on the West Plaza.

At approximately 1:14 p.m., as MPD officers were attempting to set up a barrier using bike racks on the West Plaza, Knight grabbed one of the bike rack barriers, as seen in Image 6. The police were able to hold onto the barrier, and Knight fell backward, because he had pulled on the barrier so forcefully.



*Image 3: Knight grabbing a bike rack barrier at 1:14:03 p.m.*

Sixteen seconds later, Knight then moved on to attempt to pull a second bike rack barrier away from a different police line nearby. After initially grabbing the second bike rack, he retreated momentarily. Five seconds later, he charged toward the police line, as seen in Image 7, and dove to grab the barrier, as seen in Image 8. MPD officers had to deploy chemical spray to stop Knight.



*Image 4: Knight charging toward the police line at 1:14:24 p.m.*



*Image 5: Knight (yellow) grabbing a second bike rack barrier while MPD deployed chemical spray (orange) to stop him at 1:14:26 p.m.*

After engaging in this struggle with the police, Knight yelled at and aggressively pointed at the police, as seen in Image 9, and then stuck both fists in the air in apparent defiance.



*Image 6: Knight pointing and yelling at the police after grabbing a second bike rack barrier.*

At approximately 1:23 p.m., Knight jeered at the police line for several minutes, pointed at them aggressively multiple times, as captured in Image 10. Knight yelled at the police, "We ain't leaving! We ain't going nowhere!" and "Here are the bitches. Here are the bitches."



*Image 7: Knight jeering and pointing at the police line.*

At approximately 1:40 p.m., Knight and a large group of other rioters pushed a giant metal-framed sign toward and against the police line, as captured in Image 11.



*Image 8: Knight and other rioters pushing a large metal sign toward the police line.*

Just after ramming the sign into the police line, Knight shoved MPD Sgt. J.C., as captured in Image 12 and Image 13.


*Image 9: Knight shoving MPD Sgt. J.C.*


*Image 10: Knight shoving MPD Sgt. J.C.*

Immediately after these acts, Knight again grabbed a bike rack barrier and pulled it into the crowd, depriving the police of its use, as captured in Image 14.


*Image 11: Knight and other rioters taking a bike rack barrier.*

Knight remained at the vanguard of rioters confronting officers, as captured in Image 15. He chanted, "Stop the steal! Stop the steal!" with other rioters at approximately 1:44 p.m.


*Image 12: Knight chanting "Stop the steal!"*

At approximately 2:08 p.m., Knight was part of a group of rioters that pushed together against the police line, as captured in Image 16.



*Image 13: Knight and other rioters pushing against the police line.*

The police line on the Lower West Plaza collapsed at approximately 2:30 p.m. Knight and other rioters made their way up one level to the Lower West Terrace. Knight remained on the Lower West Terrace for at least two hours. At one point, another rioter stated, "If this is what makes you give up, you're not cut out for revolution." Knight turned and nodded vigorously in agreement.

### B. Knight's Criminal History

Knight has a total of thirteen convictions as an adult:

| Conviction | Date of Conviction | Sentence Imposed | Date of Sentence |
|---|---|---|---|
| Grand theft (felony) Pennington Co., SD | 2/5/07 | 4 years incarceration, 4 years suspended<br>4 years probation | 2/5/07 |
| Possession of alcohol by minor[1] (misdemeanor) Rapid City, SD | 10/16/06 | Unknown | 10/16/06 |
| Intentional damage to property (misdemeanor) Rapid City, SD | 1/31/07 | 30 days incarceration, 30 days suspended | 1/31/07 |

---

[1] "Minor" in this context means under 21, not under 18. Knight was 19 at the time of this offense.

| Conviction | Date of Conviction | Sentence Imposed | Date of Sentence |
|---|---|---|---|
| Criminal entry of a motor vehicle (misdemeanor) Pennington Co., SD | 8/9/07 | Unknown | 8/9/07 |
| Forgery (felony) Minnehaha Co., SD | 8/4/10 | 1 year incarceration | 8/4/10 |
| Driving under the influence (misdemeanor) Rapid City, SD | 6/23/10 | 30 days incarceration, 30 days suspended | 6/23/10 |
| Petty theft (misdemeanor) Rapid City, SD | 2/23/15 | 30 days incarceration, 30 days suspended | 2/23/15 |
| Petty theft (misdemeanor) Pennington Co., SD | 2/4/16 | 16 days incarceration, 20 days suspended | 2/4/16 |
| Grand theft (felony) Meade Co., SD | 7/2/18 | 48 days incarceration, 48 days suspended 48 months probation | 7/2/18 |
| Unauthorized possession of controlled drug or substance (felony) Pennington Co., SD | 11/1/18 | 100 days incarceration, 85 days suspended 24 months probation | 11/1/18 |
| Driving under the influence (misdemeanor) Meade Co., SD | 9/18/18 | 28 days incarceration, 30 days suspended | 9/18/18 |
| Possession, use or being under the influence, or failure to make lawful disposition (felony) Monmouth Co., NJ | 11/14/05 | 76 days incarceration 6 months license suspension $1205 fine | 1/6/06 |
| Forgery, second degree (felony) Scotts Bluff Co., NE | 9/4/09 | 6 months incarceration $430 restitution | 9/4/09 |

**C. Knight's Charges by Complaint and Detention Hearing**

On May 15, 2024, a Magistrate Judge in the District of Columbia issued a Criminal Complaint charging Knight for crimes in connection with his conduct at the Capitol on January 6, 2021, and ordered a warrant for his arrest. On May 26, 2024, Knight was arrested in Rapid City, SD.

On May 29, 2024, Knight's Initial Appearance in the District of South Dakota was held. The government requested that the court impose home detention and electronic monitoring on

- 10 -

Knight, pursuant to 18 U.S.C. § 3142(f)(1)(E), because there was no combination of conditions that will reasonably ensure the safety of the community, and pursuant to 18 U.S.C. § 3142(f)(2)(A) because this case involves a serious risk of flight. As to evidence of danger to the community, the government cited that Knight is accused of shoving a police officer, fighting with police officers who were trying to erect barricades to control the rioters, making repeated threatening gestures to law enforcement, and calling them "bitches." Additionally, his dangerousness to the community is evidenced by two convictions for driving under the influence (2010, 2018), which inherently put other community members at risk. As to risk of flight, the government cited multiple convictions for forgery and/or theft (2006, 2009, 2015, 2016), indicating a level of dishonesty, as well as an arrest for failure to appear in 2017. A Magistrate Judge in the District of South Dakota released Knight on conditions, including that he must reside at a residence approved by the Pretrial Services Agency (PSA), not use or possess any narcotic drug or controlled substance, and abide by a curfew of 10 p.m. to 4:30 a.m. ECF No. 6 at 4-5.

On June 6, 2024, Knight's Initial Appearance in the District of Columbia was held. Knight was ordered to reside at a residence approved by PSA and not to use or possess any narcotic drug or controlled substance, but the curfew requirement imposed in South Dakota was removed. ECF No. 14 at 2-3. Knight was ordered to resolve his outstanding warrant from Nevada from 2009 within 60 days. *Id.* at 3.

### D. Knight's Indictment on More Serious Charges

On September 11, 2024, a grand jury indicted Knight of the following offenses: 18 U.S.C. § 231 (Civil Disorder), 18 U.S.C. § 111(a)(1) (Assaulting, Resisting, or Impeding Certain Officers), 18 U.S.C. §§ 111(a)(1) and (b) (Assaulting, Resisting, or Impeding Certain Officers Using a Dangerous Weapon), 18 U.S.C. § 1752(a)(1) (Entering and Remaining Restricted Building

or Grounds), 18 U.S.C. § 1752(a)(2) (Disorderly and Disruptive Conduct in a Restricted Building or Grounds), 18 U.S.C. § 1752(a)(4) (Engaging in Physical Violence in a Restricted Building or Grounds), 40 U.S.C. § 5104(e)(2)(D) (Disorderly Conduct in a Capitol Building), and 40 U.S.C. § 5104(e)(2)(F) (Act of Physical Violence in the Capitol Grounds or Buildings).

While the conduct underlying the charges remains the same, Knight now faces a more serious charge based on his use of a deadly and dangerous weapon in the commission of his assault. Count Three, 18 U.S.C. §§ 111(a)(1) and (b) (Assaulting, Resisting, or Impeding Certain Officers Using a Dangerous Weapon) is a crime of violence. "Crime of violence" is defined in 18 U.S.C. § 3156(a)(4) in part as "(A) an offense that has as an element of the offense the use, attempted use, or threatened use of physical force against the person or property of another or (B) any other offense that is a felony and that, by its nature, involves substantial risk that physical force against the person or property of another may be used in the course of committing the offense." Assaulting, Resisting, or Impeding Certain Officers in violation of 18 U.S.C. § 111(a) and (b) is such an offense.

Knight's arraignment on the indictment is scheduled for October 1, 2024, before this Court.

### E. Knight's Violations of Pre-Trial Release

On September 6, 2024, PSA filed a status report in this case, indicating several violations of Knight's release, and recommending program removal, which means revocation of Knight's release order. ECF No. 18 at 3-4. Specifically, PSA detailed three violations of Knight's release: (1) testing positive for methamphetamine on August 2, 2024, and admitting to using methamphetamine twice while on pre-trial release (2) failing to resolve his outstanding warrant

from 2009 in Nevada, and (3) receiving a citation for driving without a valid license[2] and a warning for "conspicuous plates" and expired license plates on August 4, 2024. ECF No. 18 at 3.

The exact dates that Knight possessed and used methamphetamines are unknown, but given that he tested positive on August 2, 2024, and methamphetamine is detectable in urine for about three to five days after the last usage,[3] the usage must have been after the June 6, 2024, release order. This is corroborated by Knight's admission that use used the substance while on pre-trial release.

In Nevada, Knight is facing two counts of burglary, in violation of Nevada Revised Statues § 205.060, and two counts of obtaining money property rent or labor by false pretenses, in violation of Nevada Revised Statues § 205.380, which are both felony offenses. A warrant was issued on this case on August 1, 2009, for Violation of a Suspended Sentence for failing to report and failure to obtain substance abuse and anger management evaluation. ECF No. 13 (PSA report from June 6, 2024) at 10.

## II.   LEGAL STANDARD

The Court has the authority to detain Knight on two separate but equally sufficient grounds: first, under 18 U.S.C. § 3142 based on a de novo review of his pretrial release based on the new charges in the indictment (including, now, a crime of violence); or, second, to revoke his release order under 18 U.S.C. § 3148, because he has violated multiple conditions of his release.

Under 18 U.S.C. § 3142(a), in relevant part, when a defendant is charged with an offense, the Court "shall issue an order that, pending trial, the person be (1) released on personal recognizance . . . ; (2) released on a condition or a combination of conditions . . . ; or (4) detained

---

[2] Although Knight was not arrested, "Driving without a Valid License" is a misdemeanor in violation of South Dakota Codified Law § 32-12-22.
[3] *See* https://americanaddictioncenters.org/stimulants/meth/how-long-in-system.

under subsection (e)." 18 U.S.C. § 3142. Detaining a defendant under Section 3142(e) requires a hearing "pursuant to the provisions of subsection (f)." *Id.* at § 3142(e). If the Court determines after that hearing that "no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community," the Court must detain the defendant pending trial. *Id.* § 3142 (e)(1).

The government bears the burden of persuasion on the issue of pretrial detention. *United States v. Stone*, 608 F.3d 939, 945 (6th Cir. 2010). In determining whether the government has met its burden of persuasion, this Court must consider four factors: (1) the nature and circumstances of the offense charged, including whether, for example, the offense is a crime of violence; (2) the weight of the evidence against the defendant; (3) the history and characteristics of the defendant; and (4) the nature and seriousness of the danger to any person or the community that would be posed by the defendant's release. 18 U.S.C. § 3142(g). A judicial officer's finding of dangerousness must be supported by clear and convincing evidence. 18 U.S.C. § 3142(f)(2)(b); *Stone*, 608 F.3d at 945. When "risk of flight" is the basis for detention, however, the government must only satisfy a preponderance of the evidence standard. *United States v. Xulam*, 84 F.3d 441, 442 (D.C. Cir. 1996); *United States v. Chimurenga*, 760 F.2d 400, 405-06 (2d Cir. 1985); *United States v. Fortna*, 769 F.2d 243, 250 (5th Cir. 1985); *United States v. Orta*, 760 F.2d 887, 891 (8th Cir. 1985); *United States v. Motamedi*, 767 F.2d 1403, 1406 (9th Cir. 1985).

Under 18 U.S.C. § 3148(a), "[a] person who has been released under section 3142 of this title, and who has violated a condition of his release, is subject to revocation of release." Upon the government's motion to revoke a release order, such as the instant motion, "[a] judicial officer may issue a warrant for the arrest of a person charged with violating a condition of release." 18 U.S.C. § 3148(b). Once before the Court:

> [t]he judicial officer shall enter an order of revocation and detention if, after a hearing, the judicial officer –
>
> (1) Finds that there is – (A) probable cause to believe that the person has committed a Federal, State, or local crime while on release; or (B) clear and convincing evidence that the person has violated any other condition of release; and
>
> (2) Finds that – (A) based on the factors set forth in section 3142(g) … , there is no condition or combination of conditions of release that will assure that the person will not flee or pose a danger to the safety of any other person or the community; or (B) the person is unlikely to abide by any condition or combination of conditions of release.

*Id.*

### III.  ARGUMENT

The Court should either detain Knight upon his arraignment on the indictment which includes a more serious charge which is also a crime of violence, or revoke Knight's pre-trial release and detain him pending trial. As set out in the factual recitation above, Knight is charged with a serious offense, and the weight of the evidence of his dangerousness is strong, given the combination of his aggressive conduct at the Capitol and his multi-state criminal record.

After only slightly more than two months of having been released pending trial, Knight has violated the terms of his conditions in various ways. Additionally, as described below, Knight poses a flight risk. Under these circumstances, an order of revocation of release and detention should be entered pursuant to multiple provisions of the Bail Reform Act.

Revocation is appropriate under § 3148(b)(1)(B) because there is clear and convincing evidence that Knight violated at least three conditions of his release, namely: (1) to not use narcotics or controlled substances, (2) to clear his outstanding warrant in Nevada, and (3) to not violate any state or federal laws. The September 6, 2024, status report from PSA comprises clear and convincing evidence of these violations. It details that Knight tested positive for methamphetamine during a random drug test on August 2, 2024, that he admitted to using

methamphetamine twice while on pre-trial release. ECF No. 18 at 3. The report also states that PSA conducted a check of the Washington Area Law Enforcement System (WALES), the National Crime Information Center (NCIC), and the Interstate Identification Index (III) on September 6, 2024, which revealed that Knight still has an outstanding warrant in Nevada. *Id.* at 4. Finally, the report states that Knight reported that he was stopped by law enforcement on August 4, 2024, and issued a citation for driving without a valid license. *Id.* at 3. Knight also reported that he received a warning for "conspicuous plates" and expired license plates. *Id.*

Knight's violations of his release conditions so soon after they were imposed, combined with his conduct on January 6, satisfy both § 3148(b)(2)(A) and (B). There is no condition or combination of conditions that can ensure that Knight will not flee, that will ensure the safety of the community, or that will ensure Knight's compliance with the conditions of his release.

Knight poses a risk for flight. He is facing potential conviction on multiple felony offenses, including on Count Three, Assaulting, Resisting, or Impeding Certain Officers Using a Dangerous Weapon, in violation of 18 U.S.C. §§ 111(a)(1) and (b), which carries a statutory maximum of twenty years of imprisonment. Knight's criminal history increases the likelihood of a significant period of incarceration.[4] These factors provide considerable motivation for Knight to flee. Knight's history also suggests that flight is likely in this case. Knight has had an open warrant for years on a Nevada case. Knight's criminal history, which includes convictions from South Dakota, where he currently lives, as well as from Nebraska and New Jersey, denotes that he has been transient throughout his life.

Knight poses a significant safety concern to the public. His conduct on January 6 is severe, but it is not isolated. Knight has demonstrated a consistent disregard for the safety of those around

---

[4] The government estimates that Knight falls in Criminal History Category III.

him. Notably, Knight has two convictions for driving under the influence, a crime that inherently put his community members in danger. Additionally, Knight's use of methamphetamine is extremely concerning, given that it could result in violent and/or erratic behavior that puts himself and others in danger.

Thus far, a federal court order and monitoring by PSA were insufficient to ensure that Knight led a law-abiding life and complied with the court's orders. Knight cannot show clear and convincing evidence that he is unlikely to post a danger to the safety of any other person or the community, as he must under 3143(a)(1). His release order should be revoked, and he should be detained pending trial.

## IV.    CONCLUSION

For the foregoing reasons, the government respectfully requests that this Court revoke Knight's pre-trial release order and detain him pending trial in this case.

Respectfully submitted,

MATTHEW M. GRAVES
United States Attorney
D.C. Bar No. 481052

By:    */s/ Carolina Nevin*
CAROLINA NEVIN
Assistant United States Attorney
N.Y. Bar No. 5226121
U.S. Attorney's Office for the
District of Columbia
601 D Street, N.W.
Washington, D.C. 20530
202-803-1612
carolina.nevin@usdoj.gov