IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> vs. <br><br> WILLIAM GEORGE KNIGHT, <br><br> Defendant. | Criminal No. 1:24-cr-00412-RBW |

DEFENDANT'S RESPONSE TO GOVERNMENT'S MOTION TO DETAIN

DEFENDANT AND REVOKE RELEASE

Comes now William George Knight, Defendant above-named, by and through his attorney, Assistant Federal Public Defender Jennifer Albertson, and files this response to the Government's Motion to Detain Defendant Pending Trial and Revoke Release Order (Docket 21). Defendant respectfully objects to the Government's request that his pre-trial release be revoked.

1. **MR. KNIGHT DOES NOT MEET THE CONDITIONS FOR DETENTION**

    Pursuant to 18 U.S.C. § 3142 a judge may revoke pre-trial release if they

    (1) find that there is—

    (A) probable cause to believe that the person has committed a Federal, State, or local crime while on release; or (B) clear and convincing evidence that the person has violated any other condition of release; **and** *(emphasis added)*

(2) finds that—

(A) based on the factors set forth in section 3142(g) of this title, there is no condition or combination of conditions of release that will assure that the person will not flee or pose a danger to the safety of any other person or the community; or (B) the person is unlikely to abide by any condition or combination of conditions of release.

Here the Government argues that Mr. Knight violated condition number 7(m) of his conditions of release by testing positive once for methamphetamine use and Condition 7(t) by failing to resolve two warrants in Nevada. Defendant respectfully argues that while the State of South Dakota can prosecute people for the simple ingestion of methamphetamine, here they have not chosen to do so. Mr. Knight admitted to pre-trial services his use and to the knowledge of Defense counsel has not again tested positive for any controlled substance. He continued to maintain contact with his attorney and his supervising officer, demonstrating an ability to correct his own behavior and abide by the conditions of release.

A statewide survey in 2021 found that the rate of methamphetamine use in South Dakota was 57% higher than the national average[1]. It is unfortunately a routine scourge here that pre-trial services appropriately addresses as a relapse issue.

Mr. Knight was ordered to resolve two outstanding warrants in Nevada and also ordered to not leave the District of South Dakota. Those warrants are for

---

1  http://www.sdseow.org/

violations of supervision, they are not for leaving outstanding cases unresolved.

The conditions of release, as originally imposed are sufficient to keep Mr. Knight from endangering the community. No danger or harm was caused by Mr. Knight while under the influence and the conditions helped him maintain subsequent sobriety. He did not flee or discontinue contact after violations.

**2.** **MR. KNIGHT'S CRIMINAL HISTORY**

The Government argues that Mr. Knight's criminal history also points towards his dangerousness to the community. His criminal history is well documented and varied but the pre-trial service bail report indicates Mr. Knight has had no felony level contact with law enforcement since 2017. (Docket 13). This indicates a trend towards abiding by the law, not away from it.

**3.** **MR. KNIGHT'S DANGEROUSNESS PURSUANT TO INDICTMENT**

The Government concedes in their request to revoke Mr. Knight's pretrial release that no new evidence has been found against him to imply his behavior was more dangerous on January 6th, 2021, than previously known. All of the screenshots provided in the motion to detain are the same as provided in the request for warrant of arrest and statement of facts filed May 28, 2024. The Government choosing to pursue an indictment for a crime of violence did not make Mr. Knight's behavior more violent than originally known. In fact, Mr. Knight has had no known law enforcement contact since 2021 (other than two traffic tickets).

**4.** **CONCLUSION**

While the Court may find that Mr. Knight has violated certain conditions of

release, there is no evidence that considering the 3142(g) factors these violations mean Mr. Knight will flee or put the community in danger. His own behavior and declining criminal history indicate the conditions of release previously set have kept him in the jurisdiction and righted his behavior to protect the community.

Therefore, the Defendant respectfully requests the Court deny the Government's motion to detain him and that he be allowed to remain on pretrial release.

Dated this 27th day of September 2024.

                                      Respectfully submitted,

                                      JASON J. TUPMAN
                                      Federal Public Defender
                                      By:

                                      /s/ Jennifer Albertson
                                      Jennifer Albertson
                                      Assistant Federal Public Defender
                                      Attorney for Defendant
                                      Office of the Federal Public Defender
                                      Districts of South Dakota and North Dakota
                                      655 Omaha Street, Suite 100
                                      Rapid City, SD 57701
                                      Telephone: 605-343-5110; Facsimile: 605-343-1498
                                      filinguser_SDND@fd.org