**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|   |   |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Criminal Action No. 24-412 (RBW) |
| ) | |
| WILLIAM GEORGE KNIGHT, ) | |
| ) | |
| Defendant. ) | |

## ORDER

Upon consideration of the United States' Motion to Dismiss Indictment with Prejudice Pursuant to Federal Rule Criminal Procedure 48(a), ECF No. 28, the Court ordered that the government provide input on the resolution of a bench warrant issued for the defendant's arrest when he failed to appear for his arraignment and bond revocation hearing in this case on October 1, 2024, see Order (Jan. 29, 2025) at 1, ECF No. 29, in light of the Presidential pardon. Subsequently, the government filed a motion contending that the warrant should be quashed—cavalierly citing only the Presidential proclamation that pardoned the defendant for the events that occurred at the United States Capitol on January 6, 2021. See United States' Motion to Quash October 1, 2024[,] Bench Warrant, ECF No. 30. The Court, however, is unpersuaded by the government's superficial argument that the Presidential pardon controls how the warrant in this case should be resolved.

The warrant was issued due to the defendant's failure to adhere to an obligation the defendant owed to the Court. As a separate coequal branch of the federal government, the Court questions whether another coequal branch of the federal government can absolve an individual under the jurisdiction of the Court of an obligation imposed by the Court, even when the obligation arises from a criminal case that will be dismissed pursuant to a Presidential pardon.

Separation of powers is a hallmark of the Constitution of the United States and for the government to respond to the Court's inquiry in the perfunctory manner as it did, conveys a disturbing level of hubris. Nonetheless, because execution of the warrant cannot be accomplished without action by the United States Marshal Service, which is a component of the Executive branch, and considering the indifference the current administration has exhibited about accountability for those involved in the events that occurred at the United States Capitol on January 6, 2021, the Court is confident that such action will not be taken. Accordingly, the Court reluctantly quashes the outstanding bench warrant against the defendant, even though doing so undermines the rule of law, and dismisses this case with prejudice in light of the Presidential pardon. Wherefore, it is hereby

**ORDERED** that the United States' Motion to Quash October 1, 2024[,] Bench Warrant, ECF No. 30, is **GRANTED**. It is further

**ORDERED** that the bench warrant issued by the Court on October 1, 2024, for the defendant's arrest is **QUASHED**. It is further

**ORDERED** that the United States' Motion to Dismiss Indictment with Prejudice Pursuant to Federal Rule Criminal Procedure 48(a), ECF No. 28, is **GRANTED**.[1] It is further

**ORDERED** that this case is **DISMISSED WITH PREJUDICE**. It is further

---

[1] The Court is dismissing this case based on the government's motion that was submitted following the Presidents pardon that was issued, despite the government's earlier allegations that resulted in the issuance of an indictment charging the defendant with committing the crimes of: (1) Civil Disorder, in violation of 18 U.S.C. § 231(a)(3); (2) Assaulting, Resisting, or Impeding Certain Officers, in violation of 18 U.S.C. § 111(a)(1); (3) Assaulting, Resisting, or Impeding Certain Officers, in violation of 18 U.S.C. § 111(a)(1); (4) Entering and Remaining in a Restricted Building or Grounds, in violation of 18 U.S.C. § 1752(a)(1); (5) Disorderly and Disruptive Conduct in a Restricted Building or Grounds, in violation of 18 U.S.C. § 1752(a)(2); (6) Engaging in Physical Violence in a Restricted Building or Grounds, in violation of 18 U.S.C. § 1752(a)(4); (7) Disorderly Conduct in a Capitol Building, in violation of 40 U.S.C. § 5104(e)(2)(D); and (8) an Act of Physical Violence in the Capitol Grounds or Buildings, in violation of 40 U.S.C. § 5104(e)(2)(F). See Indictment as to William George Knight at 1–5, ECF No. 19. However, the defendant was never arraigned of these charges because he failed to appear at his arraignment and bond revocation hearing. See Minute Entry (Oct. 1, 2024).

**ORDERED** that this case is **CLOSED**.

**SO ORDERED** this 31st day of January, 2025.

*Reggie B. Walton*
REGGIE B. WALTON
United States District Judge